UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MUSHANIA SCOTT,**

    *Plaintiff*,

v.                                            Case No. 5:22-CV-0052-JKP

**STRUGA MANAGEMENT, L.L.C.,**

    *Defendant*.

## ORDER ADDRESSING MOTIONS

The Court has under consideration Plaintiff's Motion to Seek Default Judgment (ECF No. 7) and Defendant's Motion for More Definite Statement (ECF No. 8). Plaintiff has responded to the latter motion. *See* ECF No. 9. For the reasons that follow, the Court denies Plaintiff's motion and grants Defendant's motion.

## I. BACKGROUND

Plaintiff filed her Complaint (ECF No. 1) against Struga Management LLC on January 24, 2022. In light of a number of perceived issues with this case, the Court issued an order to show cause. *See* ECF No. 5. Plaintiff thereafter responded, *see* ECF No. 6, and filed her motion to seek default judgment, *see* ECF No. 7. Before the Court addressed these filings, Defendant appeared in this action and moved for a more definite statement. *See* ECF No. 8.

## II. DEFAULT JUDGMENT

In federal court, Fed. R. Civ. P. 55 governs entry of default judgment. Under that rule, a three-step process applies for obtaining a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As an initial matter, there must be an actual default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *accord* Fed. R. Civ. P. 55(a). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or

complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Next, there must be an actual entry of default by the clerk under Rule 55(a), which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. And finally, once there is an entry of default, a "plaintiff may apply for a judgment based on such default." *Id.*

Parties are "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Whether a court enters default judgment is committed to its sound discretion. *Id.* Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Because there has been no default entered in this case, the Court denies Plaintiff's motion, whether construed as a motion seeking leave to file a motion for entry of default judgment or a standalone motion for default judgment. Without an entry of default, neither motion has merit.

### III. MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.).

Rule 12(e) requires the movant to "point out the defects complained of and the details desired." Here, Defendant lists several complaints concerning Plaintiff's pro se complaint: (1) failing to identify Struga Management, LLC as a proper defendant; (2) failing to establish its capacity to be sued; (3) ambiguously stating 29 U.S.C. §§ 157-58 and 42 U.S.C. § 1981 as a basis for

jurisdiction without stating facts to support; and (4) failing to establish jurisdiction. *See* ECF No. 8 at 1-2. It wants Plaintiff to provide a more definite statement as to (i) its capacity as a defendant; (ii) the capacity of defendant to be sued; (iii) facts that it violated any specific law, statute, or regulation; (iv) facts showing subject matter jurisdiction; and (v) an assertion of the damages, if any, that Plaintiff alleges against it. *Id*. at 2.

In response, Plaintiff complains about the timeliness of Defendant's motion and its lack of objection or response to her motion concerning default judgment. *See* ECF No. 9 at 1-2. She wants the Court to strike and deny Defendant's motion. *Id*. at 2. She makes no effort to actually respond to the motion for definite statement or to clarify her pleading in any respect. *See id*. at 1-2.

Courts, of course, liberally construe pleadings of a pro se litigant. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). And they do the same for pro se briefs. *See McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). Plaintiff provides no legitimate basis for opposing the motion for more definite statement or for striking the motion. And viewing her complaint – even through the lens of liberal construction – does leave sufficient ambiguity or vagueness to warrant a more definite statement.

Nevertheless, the Court construes the pro se complaint as properly identifying Struga Management, LLC, as the defendant in this action. And the Court construes the complaint as asserting claims against Defendant in its capacity as Plaintiff's former employer. Her complaint, furthermore, clearly asserts federal jurisdiction under 29 U.S.C. §§ 157-58 and 42 U.S.C. § 1981. But the Court agrees that Plaintiff's alleged facts are too vague and ambiguous as to how those statutes provide jurisdiction or even what claims she asserts in this case.

In light of the ambiguity and vagueness of the filed complaint, the Court hereby grants the motion for more definite statement. Plaintiff shall file an amended complaint that (1) shows that federal jurisdiction exists in this case, (2) includes a short and plain statement of each claim

showing that she is entitled to relief, and (3) states a demand for relief sought. Merely identifying federal statutes is insufficient without underlying facts showing their applicability. In accordance, with Fed. R. Civ. P. 10(b), Plaintiff's amended complaint shall state her claims "in numbered paragraphs each limited as far as practicable to a single set of circumstances." Plaintiff's amended complaint will be a stand-alone complaint that entirely supersedes the complaint currently on file.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Seek Default Judgment (ECF No. 7) and **GRANTS** Defendant's Motion for More Definite Statement (ECF No. 8). Plaintiff shall file an amended complaint in accordance with this order on or before April 19, 2023. If she fails to do so, the Court may strike her complaint or issue any other appropriate order, including dismissing this case under Fed. R. Civ. P. 41(b) for failure to comply with an order of the Court. **The Clerk of Court shall mail a copy of this order to Plaintiff.**

**IT IS SO ORDERED this 5th day of April 2023.**

_Jason Pulliam_
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**